# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00014-CV

---

**Vincent Thomas Jackson, Appellant**

**v.**

**Lynda Jane Jackson, Appellee**

---

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-FM-18-000422, THE HONORABLE JAN SOIFER, JUDGE PRESIDING

---

## C O N C U R R I N G   A N D   D I S S E N T I N G   O P I N I O N

While I agree with the majority's conclusion that legally sufficient evidence supports the divorce decree's injunction prohibiting Vincent from exposing Daughter to Sherise Beeson, I disagree with its conclusion that the record offers no support for the injunction limiting exposure to Beeson's child.

"The final test for legal sufficiency must always be whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review." *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). When asked why she sought these restrictions, Lynda testified:

> After reading some of the content through those text messages that were produced, it seems very clear to me that there is a lot of—there's a lot of conversation that makes it seem very possessive of my [D]aughter, that they're looking to kind of create their own little family with her. And—and I don't necessarily trust that my—my role as a mother will be respected.

And indeed, a December 2017 email Beeson sent Vincent includes references to "a plan" she had for their "future together." Beeson mentions her own child by name as part of this "plan" and confesses that she has begun shopping for "a much different house" in anticipation of a possible life together.

More recent communication reveals Beeson's growing affinity for Daughter and her increasing hostility toward Lynda, with Beeson repeatedly using insulting nicknames to refer to Lynda. Given that Beeson has primary custody of her child and that her ex-husband only has visitation every other Saturday and Sunday, it is reasonable to assume that her child was exposed to much of this rhetoric, which could impact how the child interacts with Daughter and how the child talks about Daughter's mother.

To determine whether a disputed aspect of a conservatorship order or divorce decree is in a child's best interest, we must consider a number of factors, including, inter alia, the effects on the child, the developmental needs of the child, and the child's need to develop a healthy attachment to each parent. *See* Tex. Fam. Code § 153.254(a)(2), (4), (8). Viewing this record in the light most favorable to the court's decree, *see Keller*, 168 S.W.3d at 810, I would hold that a reasonable factfinder could infer that restricted access to Beeson's child is in Daughter's best interest. For that reason, I would affirm the final decree of divorce and must respectfully dissent from the majority's partial reversal of that decree.

_____

Edward Smith, Justice

Before Chief Justice Rose, Justices Triana and Smith

Filed: March 6, 2020

2